Patrick L. Deedon, State Bar No. 245490
John R. Powell, State Bar No. 320187
**MAIRE & DEEDON**
2851 Park Marina Drive, Suite 300
Redding, CA 96001-2813
(530) 246-6050 / 246-6060 (fax)
*pdeedon@maire-law.com*
*jpowell@maire-law.com*

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PATRICIA CECILE MCCAY, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.   2:24-at-00825<br><br>**AMENDED NOTICE OF REMOVAL**<br>**[28 U.S.C. § 1446(a), (b)]** |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

1.      COSTCO WHOLESALE CORPORATION is the sole Defendant in the civil action brought on May 14, 2024, in the Superior Court of California, County of Shasta. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, the Defendant removes this action to the United States District Court for the Eastern District of California, which is the judicial district in which the action is pending.

2.    The grounds for removal of this action are:

a.  On May 14, 2024, Plaintiff filed a complaint in the Superior Court of California, County of Shasta, No. 204987.

b.  There is complete diversity of citizenship between the Plaintiff and Defendant in this action because:

i.   The Plaintiff PATRICIA CECILE MCCAY is an individual who is a citizen of the State of California.

ii.  Defendant COSTCO WHOLESALE CORPORATION is a corporation that is a citizen of the State of Washington, organized under the State of Washington with its principal place of business in Issaquah, Washington.

iii. The defendants identified as "Does" 1 to 50 in Plaintiff's complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of Defendant's information and belief, no fictitiously designated Defendant has been served with process, and these fictitious parties may be ignored for purposes of determining removal.

c.  More than $75,000, exclusive of interest and costs, is in controversy in this action.

3.    This Notice of Removal is timely under Section 1446(b), (c) of Title 28 of the United States Code because the Plaintiff's summons and complaint in this action were served on May 30, 2024. The last day of the 30-day period within which to file notice of removal would be Saturday, June 29, 2024. Under FRCP Rule 6(1)(C), the filing period continues until Monday, July 1, 2024. Accordingly, this notice is timely filed under 28 U.S.C. Section 1446(b)(1), (c).

///

///

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 2

AMENDED NOTICE OF REMOVAL [28 U.S.C. § 1446(a), (b)]

4.      All state-court papers served on the Defendant at the time of removal, consisting of the summons and complaint, are attached.

Dated:   July 1, 2024                          MAIRE & DEEDON

PATRICK L. DEEDON
JOHN R. POWELL
Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA  96001-2813
(530) 246-6050

AMENDED NOTICE OF REMOVAL [28 U.S.C. § 1446(a), (b)]

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICIA CECILE MCCAY, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **FILED** |
| **MAY 1 4 2024** |
| CLERK OF THE SUPERIOR COURT |
| BY: C. WEST, DEPUTY CLERK |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Shasta County Superior Court | CASE NUMBER: *(Número del Caso):* **204987** |
| --- | --- |

1500 Court Street, Redding, CA 96001

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher B. Adamson, Esq., 1150 S. Robertson Blvd., Los Angeles, CA 90035. 310.888.0024.

| DATE: *(Fecha)* | **MAY 1 4 2024** | Clerk, by *(Secretario)* | **C. WEST** | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | |
| --- | --- |

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
| --- | --- | --- |

Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
**ADAMSON AHDOOT LLP**
1150 S. Robertson Blvd.
T: (310) 888-0024
F: (310) 895-4665
E: alan@aa.law
E: christopher@aa.law

Attorneys for Plaintiff
PATRICIA CECILE MCCAY

**FILED**

MAY 1 4 2024

CLERK OF THE SUPERIOR COURT
BY: C. WEST, DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SHASTA

UNLIMITED JURISDICTION

| | |
|---|---|
| PATRICIA CECILE MCCAY, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COSTCO WHOLESALE CORPORATION, )<br>and DOES 1-100, inclusive, )<br>)<br>Defendants. )<br>) | Case No.:   **204987**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **PREMISES LIABILITY (NEGLIGENCE)**<br><br>**PLAINTIFF REQUESTS TRIAL BY JURY**<br><br>**DEMAND IS ABOVE $35,000.00** |

PLAINTIFF'S COMPLAINT FOR DAMAGES

1

BY FAX

Comes Now Plaintiff PATRICIA CECILE MCCAY ("PLAINTIFF") in this Complaint for causes of action against Defendants COSTCO WHOLESALE CORPORATION ("DEFENDANT COSTCO"), and DOES 1-100, inclusive (collectively referred to as "DEFENDANTS"), and each of them, complains and alleges as follows:

## GENERAL ALLEGATIONS

1.     The claims set forth herein arise from a trip and fall that occurred on February 7, 2023, in the City of Redding, County of Shasta, State of California (hereinafter "SUBJECT INCIDENT"), which caused severe, personal injury to PLAINTIFF.

2.     PLAINTIFF is informed, believes, and thereon alleges, at all times herein mentioned, DEFENDANTS, and each of them, were doing business in the City of Redding, which falls within the Shasta County Judicial District, and this Court is therefore the proper Court in which to bring this action, pursuant to California *Code of Civil Procedure* sections 395 and 396.

3.     PLAINTIFF is informed, believes, and thereon alleges, at all times herein mentioned, DEFENDANTS, and each of them, owned, maintained, controlled, possessed, managed, and/or operated the premises located at approximately 4805 Bechelli Lane, Redding, CA 96002 ("SUBJECT PREMISES").

4.     The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOES 1-100, inclusive, are unknown to PLAINTIFF at this time, who therefore sues said DEFENDANTS by such fictitious names, and when the true names and capacities of said DEFENDANTS are ascertained, PLAINTIFF will amend this complaint accordingly. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as a DOE was negligent and/or created or contributed to the creation and/or maintenance of a dangerous condition of private property as described herein and is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the dangerous condition of property described herein or otherwise, proximately caused the injuries and damages sustained by PLAINTIFF, either through said DEFENDANTS' own conduct and/or through the conduct of their agents, servants, and/or employees, or due to their ownership, rental, use, sale, repair,

maintenance, designing, manufacturing, and/or leasing of the instrumentality or property causing the injury, or in some other manner.

5.    PLAINTIFF is informed and believes, and thereon alleges, at all relevant times, each of the DEFENDANTS, including DOES 1-100, inclusive, was the agent, servant, joint venturer, and/or employee of each of the remaining defendants and, in doing the things alleged, was acting within the scope of that agency, employment, and/or servility. Further, each defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and/or ratified each and every act or omission of his co-defendants as described below.

6.    At all times herein mentioned, said SUBJECT PREMISES was a gas station, and as such was "open to the public," and expressly and/or impliedly invited PLAINTIFF for the benefit of the possessor of said SUBJECT PREMISES.

7.    On or about February 7, 2023, PLAINTIFF entered the SUBJECT PREMISES by the express and/or implied invitation of, and/or for the benefit of, the possessor of said SUBJECT PREMISES. As PLAINTIFF was walking through the parking lot of said SUBJECT PREMISES, PLAINTIFF tripped and fell due to a wheel stop. There were no proper safeguards or warnings, and the wheel stop, and surrounding area presented a dangerous condition.

8.    PLAINTIFF'S injuries due to the dangerous condition caused her severe and debilitating harm.

## FIRST CAUSE OF ACTION FOR

## PREMISES LIABILITY (NEGLIGENCE)

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

9.    PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

10.    At the aforementioned time and place, while PLAINTIFF was an invitee of the above-described SUBJECT PREMISES, DEFENDANTS and/or DOES 1-100, and each of them, so carelessly and negligently designed, repaired, crafted, maintained, owned, controlled, cleaned, and/or inspected the aforementioned area on the SUBJECT PREMISES, and surrounding environment, to allow a dangerous condition to exist on the SUBJECT PREMISES, which caused

PLAINTIFF to injure herself.

11.    At the aforementioned place and on the aforementioned date, while PLAINTIFF was an invitee of the above-described SUBJECT PREMISES, DEFENDANTS and/or DOES 1-100, and each of them, so carelessly and negligently owned, controlled, and/or maintained the wheel stop as to allow the wheel stop itself to constitute a dangerous condition.

12.    The dangerous condition was known, or in the exercise of ordinary and reasonable care would have been known, to DEFENDANTS and/or DOES 1-100 in adequate time for a reasonably prudent person to warn of, prevent, and/or make safe the condition, which caused PLAINTIFF to suffer severe and debilitating injuries.

13.    As a proximate result of the negligence of DEFENDANTS and/or DOES 1-100, and each of them, PLAINTIFF was hurt and injured in her health, strength, and activity, sustaining injury to her person, which caused PLAINTIFF great mental, physical, and nervous pain and suffering. As a result of such injuries, PLAINTIFF has suffered general damages in an amount according to proof.

14.    PLAINTIFF is informed, believes, and thereon alleges, such injuries will result in some permanent disability to her.

15.    As a further proximate result of the negligence of DEFENDANTS and/or DOES 1-100, and each of them, PLAINTIFF has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

16.    As a further proximate result of the negligence of DEFENDANTS and/or DOES 1-100, and each of them, PLAINTIFF'S earning capacity has been greatly impaired, both in the past and in the present in an amount according to proof.

### PRAYER FOR DAMAGES

WHEREFORE, PLAINTIFF prays judgment against DEFENDANTS and/or DOES 1-100, inclusive; joint and severally as indicated above as follows:

1.    For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.    For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.    For prejudgment interest, according to proof;

4.    For cost of suit incurred herein, including attorney's fees, according to proof;

5.    For damages for PLAINTIFF'S other losses, according to proof;

6.    For such other and further relief as the Court may deem just and proper.

Dated: May 13, 2024

Respectfully Submitted,
ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
PATRICIA CECILE MCCAY

## DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a trial by jury as to all causes of action.

Dated: May 13, 2024

Respectfully Submitted,
ADAMSON AHDOOT LLP

By: _____
Christopher B. Adamson, Esq.
Attorneys for Plaintiff
PATRICIA CECILE MCCAY

PLAINTIFF'S COMPLAINT FOR DAMAGES
5

Re:   *McCay vs. Costco*
Eastern District Case No.

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Shasta County, California at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is 2851 Park Marina Drive, Suite 300, Redding, California 96001.

On July 1, 2024, I served the document(s) entitled:

### AMENDED NOTICE OF REMOVAL [28 U.S.C. § 1446(a), (b)]

on the interested parties in this action as stated below:

## SEE ATTACHED SERVICE LIST

__X__   **(BY MAIL):** I deposited such envelope in the mail at Redding, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing and deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Redding, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

_____   **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling via FED EX following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for FED EX. On the same day that material is placed for collection, it is picked up by FED EX at Redding, California.

__X__   **(VIA ELECTRONIC MAIL):** Courtesy Copy By transmitting a true copy of thereof to the electronic mail addresses as indicated below.

_____   **(BY HAND DELIVERY):** I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

_____   **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on July 1, 2024, at Redding, California.

_____
LISA MORRISON

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

AMENDED NOTICE OF REMOVAL [28 U.S.C. § 1446(a), (b)]                                    PAGE 4

Re:   *McCay vs. Costco*
        Eastern District Case No.

## SERVICE LIST

Alan A. Ahdoot, Esq.
Christopher B. Adamson, Esq.
ADAMSON AHDOOT LLP
1150 S. Robertson Blvd.
Los Angeles, CA 90035
(310) 888-0024
alan@aa.law
christopher@aa.law

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

AMENDED NOTICE OF REMOVAL [28 U.S.C. § 1446(a), (b)]

PAGE 5