Patrick L. Deedon, State Bar No. 245490
John R. Powell, State Bar No. 320187
**MAIRE & DEEDON**
2851 Park Marina Drive, Suite 300
Redding, CA 96001-2813
(530) 246-6050 / 246-6060 (fax)
*pdeedon@maire-law.com*
*jpowell@maire-law.com*

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| PATRICIA CECILE MCCAY, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1-100, inclusive,<br><br>Defendants.<br>_____/<br>COSTCO WHOLESALE CORPORATION,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>W.L. BUTLER CONSTRUCTION, INC., MG2 CORPORATION, O'GRADY PAVING, INC., GARCIA STRIPING, INC., RUBBERFORM RECYCLED PRODUCTS, LLC, and ROES 1-25,<br><br>Third-Party Defendants,<br>_____/ | CASE NO: 2:24-cv-01848-DMC<br><br>**THIRD PARTY COMPLAINT FOR:**<br>   1) **EQUITABLE INDEMNITY**<br>   2) **EQUITABLE CONTRIBUTION**<br>   3) **EXPRESS INDEMNITY** |

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 1

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

**COMES NOW**, Third-Party Plaintiff, COSTCO WHOLESALE CORPORATION, by and through the undersigned counsel, and pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby files its Third-Party Complaint against W.L. BUTLER CONSTRUCTION, INC., MG2 CORPORATION, O'GRADY PAVING, INC., GARCIA STRIPING, INC., RUBBERFORM RECYCLED PRODUCTS, LLC, and ROES 1-25 and on information and belief alleges as follows:

## I.    THE PARTIES

1. COSTCO WHOLESALE CORPORATION is and at all times herein mentioned is a Washington corporation doing business in the State of California.

2. W.L. BUTLER, INC. is and at all times mentioned is a California corporation doing business in the State of California, including by the name of W.L. BUTLER CONSTRUCTION, INC.

3. MG2 CORPORATION is and at all times mentioned a Washington corporation doing business in the State of California.

4. O'GRADY PAVING, INC. is and at all times mentioned a California corporation doing business in the State of California.

5. GARCIA STRIPING, INC. is and at all times mentioned a California corporation doing business in the State of California.

6. RUBBERFORM RECYCLED PRODUCTS, LLC is and at all times mentioned a New York Limited Liability Company doing business in the State of California.

7. COSTCO WHOLESALE CORPORATION is informed and believes and thereon alleges that each of said Third-Party Defendant ROES 1-25 is somehow legally responsible for those matters herein alleged. COSTCO WHOLESALE CORPORATION does not at this time know the

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

PAGE 2

true names and/or capacities of said Third-Party Defendants but prays that the same may be inserted herein when ascertained.

## II.    JURISDICTION AND VENUE

8. The Court has ancillary jurisdiction because the claims herein are so related to the claims in the Complaint that they arise out of the subject matter of the original action and involve the same persons and transaction or occurrence.

9. Venue is proper because the location of the incident and involvement of the Third-Party Defendants occurred in Redding, Shasta County, California.

## III.    FACTUAL BACKGROUND

10. PATRICIA CECILE MCCAY filed a Complaint in Shasta County Superior Court, action number 204987, where COSTCO WHOLESALE CORPORATION has been named as a Defendant. The action was removed to United States District Court, Eastern District of California, on July 1, 2024. Said Complaint is incorporated herein solely for purposes of reference as though fully set forth at this point.

11. McCay alleges injuries and damages as a result of a "trip and fall" incident over a "wheel stop" occurring on February 7, 2023, at 4805 Bechelli Lane, Redding, California.

12. COSTCO WHOLESALE CORPORATION is informed, believes, and alleges thereon that Third-Party Defendants designed, manufactured, or otherwise sold the "wheel stop" and/or designed, planned, approved, ratified or installed the use of the "wheel stop" at the location of the incident.

**FIRST CAUSE OF ACTION**
**EQUITABLE INDEMNITY**
**(Against All Third-Party Defendants)**

13. COSTCO WHOLESALE CORPORATION incorporates each and every allegation in this Third-Party Complaint as if fully stated herein.

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 3

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION
AND (3) EXPRESS INDEMNITY

14. COSTCO WHOLESALE CORPORATION has denied Plaintiff's allegations as set forth in its Answer and has denied that Plaintiff is entitled to any recovery whatsoever from COSTCO WHOLESALE CORPORATION therein. However, if any liability exists on the part of COSTCO WHOLESALE CORPORATION, which is specifically denied, then and in that event, said liability would be based on the primary and active conduct of Third-Party Defendant(s), and each of them herein, whose conduct would be active, direct, and primary, whereas COSTCO WHOLESALE CORPORATION conduct would be secondary, passive and indirect.

15. COSTCO WHOLESALE CORPORATION is informed and believes W.L. BUTLER CONSTRUCTION, INC., MG2 CORPORATION, O'GRADY PAVING, INC., GARCIA STRIPING, INC. and ROES 1-5 designed, planned, approved, ratified or installed the use of the "wheel stop" at the location of the incident.

16. COSTCO WHOLESALE CORPORATION is informed and believes RUBBERFORM RECYCLED PRODUCTS, LLC and ROES 6-10 designed, manufactured, or otherwise sold the "wheel stop".

17. COSTCO WHOLESALE CORPORATION hereby demands of Third-Party Defendants that they indemnify and hold COSTCO WHOLESALE CORPORATION harmless from any and all liability and costs incurred herein and that said Third-Party Defendants have refused and still refuse to defend and indemnify and hold COSTCO WHOLESALE CORPORATION harmless herein.

18. By reason of the foregoing and by reason of the entirety of the official court record in the above mentioned action, an actual and present controversy exists between COSTCO WHOLESALE CORPORATION and Third-Party Defendants, and each of them, as to their respective rights, duties, obligations and liabilities; COSTCO WHOLESALE CORPORATION

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 4

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

contends that Third-Party Defendant(s), and each of them, are obligated to defend, indemnify and hold COSTCO WHOLESALE CORPORATION harmless as aforesaid in that any liability which exists as to COSTCO WHOLESALE CORPORATION and their agents and employees arises, if at all, based upon acts of COSTCO WHOLESALE CORPORATION which were secondary, passive, and indirect while the actions of Third-Party Defendant above described and their agents and employees were primary, active and direct.  Third-Party Defendant(s), and each of them, contend to the contrary.

19. As a direct and proximate result of Third-Party Defendants' conduct, COSTCO WHOLESALE CORPORATION has incurred and will continue to incur damages and expenses, including attorneys' fees and costs in defending and prosecuting the instant lawsuit.  Further, if and to the extent COSTCO WHOLESALE CORPORATION is found civilly liable on claims asserted in the Complaint or as otherwise asserted by Plaintiff, such civil liability was directly and proximately caused by Third-Party Defendants.

20. Third-Party Defendants bear an equitable duty to indemnify COSTCO WHOLESALE CORPORATION for any and all such liability and damages.

**WHEREFORE,** COSTCO WHOLESALE CORPORATION prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**EQUITABLE CONTRIBUTION**
**(Against All Third-Party Defendants)**

21. COSTCO WHOLESALE CORPORATION incorporates each and every allegation in this Third-Party Complaint as if fully stated herein.

22. In the event that COSTCO WHOLESALE CORPORATION herein incurs liability to Plaintiff in the above-described action, said liability should extend only to the amount of the damages which are proportionate to the percentage of negligence or other fault, if any, which is

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 5

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

attributable solely to COSTCO WHOLESALE CORPORATION and no more. COSTCO WHOLESALE CORPORATION prays that the comparative fault of all parties herein should be determined in this action and responsibility should be determined in accordance with comparative fault principles. COSTCO WHOLESALE CORPORATION is entitled to contribution, comparative indemnity, and apportionment for any liability imposed upon it as a defendant in this action.

23. If COSTCO WHOLESALE CORPORATION is found to be liable herein with any other Third-Party Defendant herein, COSTCO WHOLESALE CORPORATION prays that it be awarded judgment against said Third-Party Defendant, and each of them, so that liability may be apportioned between and/or among COSTCO WHOLESALE CORPORATION and said Third-Party Defendants and each of them in proportion to the percentage of fault attributable to each. Such equitable indemnification and/or contribution is prayed for pursuant to the decision of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578.

24. As a direct and proximate result of Third-Party Defendants' conduct, COSTCO WHOLESALE CORPORATION has incurred and will continue to incur damages and expenses, including attorneys' fees and costs in defending and prosecuting the instant lawsuit. Further, if and to the extent COSTCO WHOLESALE CORPORATION is found civilly liable on claims asserted in the Complaint or as otherwise asserted by Plaintiff, such civil liability was directly and proximately caused by Third-Party Defendants, and COSTCO WHOLESALE CORPORATION is entitled to contribution for such liability.

**WHEREFORE**, COSTCO WHOLESALE CORPORATION prays for judgment as hereinafter set forth.

///

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 6

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

## THIRD CAUSE OF ACTION
## EXPRESS INDEMNITY
### (Against W.L. BUTLER, INC.)

25. COSTCO WHOLESALE CORPORATION incorporates each and every allegation in this Third-Party Complaint as if fully stated herein.

26. COSTCO WHOLESALE CORPORATION and W.L. BUTLER, INC. entered into a written contract (hereinafter "Contract") on or about May 13, 2022, for the construction of the Costco location at 4805 Bechelli Lane, Redding, California wherein the subject incident of February 7, 2023, occurred. Pursuant to that Contract, W.L. BUTLER, INC. (referred to as "Contractor" within the agreement) was to construct the Costco project location, including the parking lot and wheel stops wherein the subject incident occurred. COSTCO WHOLESALE CORPORATION is referred to as "Owner" within the agreement.

27. Pursuant to the terms of the written contract, W.L. BUTLER, INC. is to indemnify COSTCO WHOLESALE CORPORATION as stated within section 3.18.1 of the agreement as follows:

> To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner, Architect, Architect's consultants, and agents and employees of any of them from and against claims, damage, losses, and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss, or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself), but only to the extent caused by the negligent acts or omissions of the Contractor, a Subcontractor, anyone directly or indirectly employed by them, or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss, or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or reduce other rights or obligations of indemnity that would otherwise exist as to a party or person described in this Section 3.18

28. The Contract is a valid and enforceable contract.

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

29. COSTCO WHOLESALE CORPORATION has complied with its duties, obligations, and responsibilities under the Contract.

30. To the extent there is any liability for Plaintiff's claims in the Complaint against COSTCO WHOLESALE CORPORATION, liability arises from actions taken by W.L. BUTLER, INC. and/or its Subcontractors.

31. As a direct and proximate result of W.L. BUTLER, INC.'s conduct, COSTCO WHOLESALE CORPORATION incurred and will continue to incur damages and expenses, including attorneys' fees and costs in defending and prosecuting the instant lawsuit. Further, if and to the extent COSTCO WHOLESALE CORPORATION is found civilly liable on claims asserted in the Complaint or as otherwise asserted by Plaintiff, such civil liability was directly and proximately caused by W.L. BUTLER, INC.

32. Despite COSTCO WHOLESALE CORPORATION's demand for indemnification, W.L. BUTLER, INC. has failed its obligation to indemnify COSTCO WHOLESALE CORPORATION.

33. W.L. BUTLER, INC. bears a contractual duty to indemnify COSTCO WHOLESALE CORPORATION for any and all such liability and damages asserted by Plaintiff.

**WHEREFORE**, COSTCO WHOLESALE CORPORATION prays for judgment as hereinafter set forth.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, COSTCO WHOLESALE CORPORATION prays for judgment against Third-Party Defendant(s), and each of them, as follows:

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

1.    For indemnification, reimbursement, and to be held harmless and safe from any and all liability and expenses necessary and incident to the defense of the within action and any verdict rendered therein.

2.    To be indemnified and reimbursed for the reasonable value of all legal costs and fees expended in defending said action.

3.    For a declaration from the Court as to the respective rights, duties and obligations and liabilities of COSTCO WHOLESALE CORPORATION and Third-Party Defendants.

4.    For a declaration from the Court as to the percentage of fault attributable to COSTCO WHOLESALE CORPORATION, if any, and Third-Party Defendants herein, and each of them; and

5.    For such other and further relief as the Court deems fit and proper under the circumstances.

Dated:  July 3, 2024                    MAIRE & DEEDON

PATRICK L. DEEDON
JOHN R. POWELL
Attorneys for Defendant,
COSTCO WHOLESALE CORPORATION

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

PAGE 9

Re:   *McCay vs. Costco*
      Eastern District Case No. 2:24-cv-01848-DMC

## CERTIFICATE OF SERVICE

I am a citizen of the United States and employed in Shasta County, California at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within action; my business address is 2851 Park Marina Drive, Suite 300, Redding, California 96001.

On July 3, 2024, I served the document(s) entitled: **THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY**

on the interested parties in this action as stated below:

## SEE ATTACHED SERVICE LIST

__X__   **(BY MAIL):** I deposited such envelope in the mail at Redding, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing and deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Redding, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

_____   **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling via FED EX following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for FED EX. On the same day that material is placed for collection, it is picked up by FED EX at Redding, California.

__X__   **(VIA ELECTRONIC MAIL):** Courtesy Copy By transmitting a true copy of thereof to the electronic mail addresses as indicated below.

_____   **(BY HAND DELIVERY):** I caused to be delivered by hand each sealed envelope to the addressee(s) mentioned in the attached service/mailing list.

_____   **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on July 3, 2024, at Redding, California.

LISA MORRISON

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY

PAGE 10

Re:    *McCay vs. Costco*
       Eastern District Case No 2:24-cv-01848-DMC

## SERVICE LIST

Daniel Stefanic, Esq.
ADAMSON AHDOOT LLP
1150 S. Robertson Blvd.
Los Angeles, CA 90035
(310) 888-0024
daniel@aa.law
frederick@aa.law
mia@aa.law

Maire & Deedon
2851 Park Marina Dr., Ste. 300
Redding, CA 96001-2813
(530) 246-6050

PAGE 11

**THIRD PARTY COMPLAINT FOR (1) EQUITABLE INDEMNITY (2) EQUITABLE CONTRIBUTION AND (3) EXPRESS INDEMNITY**