ADAMSON AHDOOT LLP
Alan A. Ahdoot, Esq. (SBN 238594)
alan@aa.law
Christopher B. Adamson, Esq. (SBN 238500)
christopher@aa.law
Daniel M. Stefanic, Esq. (SBN 329078)
daniel@aa.law
1122 S. La Cienega Blvd.
Los Angeles, California 90035
Tel: (310) 888-0024

Attorneys for Plaintiff
PATRICIA CECILE MCCAY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA CECILE MCCAY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1-100, inclusive,<br><br>Defendants.<br><br>COSTCO WHOLESALE CORPORATION<br>Third-Party Plaintiff,<br><br>vs.<br><br>W.L. BUTLER CONSTRUCTION, INC., MG2 CORPORATION, O'GRADY PAVING, INC., GARCIA STRIPPING, INC., RUBBERFORM RECYCLED PRODUCTS, LLC, and ROES 1-25<br>Third-Party Defendants. | **Case No.: 2:24-CV-01848-TLN-DMC**<br><br>**DISCOVERY MATTER:**<br><br>***Assigned to:***<br><br>*United States District Judge Troy L. Nunley Robert T. Matsui United States Courthouse*<br><br>*U.S. Magistrate Judge Dennis M. Cota Redding Federal Courthouse*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITION OF DEFENDANT COSTCO WHOLESALE CORPORATION'S PERSON MOST QUALIFIED; REQUEST FOR REMOTE APPEARANCE AT HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR MONETARY SANCTIONS**<br><br>**[*filed concurrently with Declaration of Daniel M. Stefanic and Proposed Order*]**<br><br>**Date:** August 5, 2026<br>**Time:** 10:00 a.m.<br>**Location:** Courtroom 304<br><br>**Complaint Filed:** 05/14/2024<br>**Trial Date:** None |

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

# TABLE OF AUTHORITIES

## CASES

*Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766 (9th Cir. 1995)..8, 9

*Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534 (D. Nev. 2008) .....................7, 8

*Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196 (5th Cir. 1993).................................... passim

*United States v. Taylor*, 166 F.R.D. 356 (M.D.N.C. 1996) .........................................................7, 8

## FEDERAL RULES

Fed. R. Civ. P. 26............................................................................................................................1

Fed. R. Civ. P. 26(b)(1)...................................................................................................................7

Fed. R. Civ. P. 30(b)(6).......................................................................................................... passim

Fed. R. Civ. P. 37(a) .......................................................................................................................1

Fed. R. Civ. P. 37(a)(1)...................................................................................................................9

Fed. R. Civ. P. 37(a)(3)(B)(i)........................................................................................................7, 9

Fed. R. Civ. P. 37(a)(5)(A) .................................................................................................... passim

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii) ...............................................................................................10

Fed. R. Civ. P. 37(d) ...................................................................................................................1, 7

Fed. R. Civ. P. 37(d)(1)(A)(i) .........................................................................................................7

Fed. R. Civ. P. 37(d)(3)...................................................................................................................7

## OTHER AUTHORITIES

Civil Standing Order of the Honorable Troy L. Nunley, § 1 ...........................................................1

Civil Standing Order of the Honorable Troy L. Nunley, § 4(A) ....................................................9

E.D. Cal. Local Rule 137(b) .......................................................................................................2, 11

E.D. Cal. Local Rule 230 ................................................................................................................1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 5, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Dennis M. Cota, United States Magistrate Judge, Redding Federal Courthouse, 2986 Bechelli Lane, Redding, California 96002, Plaintiff Patricia Cecile McCay will and hereby does move this Court for an order: (1) compelling Defendant Costco Wholesale Corporation to designate and produce its Person Most Qualified for deposition on the categories identified in Plaintiff's June 2, 2026 Amended Notice of Video Deposition within ten (10) days of the Court's order; and (2) imposing monetary sanctions against Defendant Costco Wholesale Corporation and its counsel of record, jointly and severally, in the amount of $4,860.00, representing Plaintiff's reasonable attorney's fees and costs incurred in bringing this Motion.

This Motion is made pursuant to Federal Rules of Civil Procedure 26, 30(b)(6), and 37(a) and (d); Section 1 of the Civil Standing Order of the Honorable Troy L. Nunley; the standing orders and procedures of the Honorable Dennis M. Cota; and Local Rule 230. The Motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the Declaration of Daniel M. Stefanic and the exhibits thereto; all pleadings, papers, and records on file in this action; and such other matters as the Court may consider at or before the hearing.

Plaintiff has met and conferred with Defendant regarding this dispute on multiple occasions over a period of more than nine (9) months, including by written correspondence on September 19, 2025, October 22, 2025, November 20, 2025, April 15, 2026, May 1, 2026, and June 25, 2026, and by a substantive telephonic meet and confer on April 17, 2026 during which the parties reached agreement on the scope of the deposition categories. Plaintiff has also requested an Informal Discovery Conference with Magistrate Judge Cota, proposing dates of July 1, 2026 and July 8, 2026. Defendant has nonetheless refused to designate a witness or provide firm deposition dates, even on the agreed-upon categories. The full meet-and-confer history is set forth in the accompanying Declaration of Daniel M. Stefanic.

///

1

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

## <u>REQUEST TO APPEAR REMOTELY AT HEARING</u>

Plaintiff respectfully requests that all counsel be permitted to appear remotely at the hearing on this Motion via Zoom or other video conference platform designated by the Court. Plaintiff's counsel is located in Los Angeles, California, more than five hundred (500) miles from the Redding Federal Courthouse, and the issues to be addressed at the hearing can be effectively presented and resolved through remote appearance. Remote appearance will conserve party and judicial resources, reduce the cost of the proceedings, and is consistent with this Court's and the Magistrate Judge's ordinary practice for discovery motion hearings. Plaintiff will file any separately required Request to Appear Remotely with proposed order in accordance with the Magistrate Judge's procedures and Local Rule 137(b).

Dated: June 26, 2026

Respectfully submitted,
ADAMSON AHDOOT LLP

By: ___/s/ Daniel M. Stefanic___
Daniel M. Stefanic, Esq.
Attorneys for Plaintiff
PATRICIA CECILE MCCAY

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is a premises liability case arising out of a February 7, 2023 trip and fall in the parking lot of Defendant Costco Wholesale Corporation's ("Costco") Redding, California store. (Decl. of Daniel M. Stefanic ("Stefanic Decl.") ¶ 2.) For more than nine (9) months, Plaintiff has attempted to take the deposition of Costco's Person Most Qualified ("PMQ") on subjects central to her claims, including the design, construction, inspection, maintenance, and post-incident handling of the very wheel stop she tripped over. Costco has used every device available, silence, late objections, agreed but undelivered identifications, and most recently a five-day-eve cancellation, to ensure that this deposition does not occur. (Stefanic Decl. ¶¶ 3-15.)

The most egregious feature of Costco's conduct is this: on April 17, 2026, the parties met and conferred by telephone and **reached agreement** on a set of deposition categories that were appropriately limited in both geographic scope (to the subject premises) and time (typically one year before to six months after the incident). (Stefanic Decl. ¶ 10.) Plaintiff confirmed those agreed-upon categories in writing on May 1, 2026. (Stefanic Decl. ¶ 11, Ex. I.) Costco has had its own agreed-upon categories in its possession for fifty-five (55) days and still has not identified a single individual to testify as its PMQ on any of them. (Stefanic Decl. ¶¶ 11-14.) On the morning of June 25, 2026, with five days remaining before the noticed deposition, Costco's counsel emailed only that she was "working on narrowing down the people and should have dates soon." (Stefanic Decl. ¶ 14, Ex. L.)

The fact discovery cutoff is July 13, 2026. (Stefanic Decl. ¶ 16, Ex. M.) On June 25, 2026, Plaintiff sent counsel for Costco a written meet and confer letter requesting an Informal Discovery Conference ("IDC") with this Court on July 1 or July 8, 2026 and advising that Plaintiff would file the present Motion on June 26, 2026 regardless of the IDC. (Stefanic Decl. ¶ 15, Ex. N.) Given Costco's nine-month course of delay and the imminence of the discovery cutoff, Plaintiff cannot await the outcome of the IDC before seeking judicial intervention. The IDC, if scheduled, may proceed in parallel with the noticed hearing on this Motion.

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

Federal Rule of Civil Procedure 30(b)(6) imposes on Costco an affirmative duty to designate and produce a prepared witness, not to delay indefinitely. *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993). Plaintiff has more than satisfied her meet-and-confer obligations. The Court should order Costco to produce its PMQ for deposition within ten (10) days of the Court's order and impose monetary sanctions on Costco and its counsel under Rule 37(a)(5)(A).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Incident.

On February 7, 2023, Plaintiff Patricia Cecile McCay tripped and fell over an unpainted, faded, and improperly placed wheel stop in the parking lot of Costco's store located at approximately 4805 Bechelli Lane in Redding, California. (Stefanic Decl. ¶ 2.) She sustained personal injuries and brought the present action on May 14, 2024 for premises liability and negligence. (*Id.*)

### B. Plaintiff's Initial Outreach to Costco (September — November 2025).

On **September 19, 2025**, Plaintiff served on Costco a detailed listing of sixteen (16) categories of testimony for the PMQ deposition and requested available dates of October 13, 14, 15, 16, 20, or 21, 2025. (Stefanic Decl. ¶ 3, Ex. A.) Costco did not respond.

On **October 22, 2025**, Plaintiff sent Costco a follow up letter inquiring about Costco's position on discovery. (Stefanic Decl. ¶ 4, Ex. B.) Costco again did not respond.

On **November 20, 2025**, more than two months after first serving the categories and receiving no response, Plaintiff served a Notice of Video Deposition setting the deposition for December 22, 2025. (Stefanic Decl. ¶ 5, Ex. C.) Plaintiff concurrently sent a meet and confer letter again requesting alternative dates if December 22 was unworkable. (Stefanic Decl. ¶ 6, Ex. D.)

That same day, Mr. Hallissy emailed that he was "not available on December 22" and suggested the date had been "blind set." (Stefanic Decl. ¶ 7, Ex. E.) Plaintiff replied, attaching the prior September 19, 2025 email that had requested dates and to which Costco had never responded. (*Id.*)

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

On **December 11, 2025**, Costco served a one-paragraph objection to the Notice asserting that no Rule 30(b)(6) meet and confer had occurred, despite that the categories had been provided to Costco nearly three months earlier and Costco had ignored two prior requests for dates. (Stefanic Decl. ¶ 8, Ex. F.)

**C.    The April 17, 2026 Telephonic Meet and Confer and the Parties' Agreement on Appropriately Limited Categories.**

On **January 21, 2026**, this Court entered an Order on the parties' stipulation modifying the scheduling order, setting the fact discovery cutoff at July 13, 2026. (Stefanic Decl. ¶ 16, Ex. M.)

On **April 15, 2026**, Plaintiff sent Costco a detailed meet and confer letter again identifying all 16 categories, recounting the prior unanswered outreach, and proposing dates of May 13, 20 (afternoon), 21, 22, 25, and 28, 2026. (Stefanic Decl. ¶ 9, Ex. G.)

On **April 16-17, 2026**, Ms. Fleming, on behalf of Costco, contacted the undersigned to discuss the categories. The undersigned and Ms. Fleming met and conferred by telephone on April 17, 2026 at approximately 12:30 p.m. (Stefanic Decl. ¶ 10, Ex. H.) During that conversation, **the undersigned agreed, on the record, to narrow, modify, and/or eliminate certain categories** contained in both the November 20, 2025 Notice of Deposition and the April 15, 2026 meet and confer letter. The parties reached agreement on a set of categories appropriately limited in geographic scope (to the subject premises located at 4805 Bechelli Lane in Redding) and in time (one year before, or the first date of public access, to six months following the incident). (*Id.*)

On **May 1, 2026**, **consistent with the parties' April 17, 2026 agreement**, Plaintiff served a revised meet and confer letter setting forth the deposition categories **exactly as agreed upon during the April 17, 2026 telephonic meet and confer**. (Stefanic Decl. ¶ 11, Ex. I.) The revised, appropriately limited categories reduced the total from sixteen (16) to fourteen (14) and incorporated the parties' agreed-upon geographic and temporal limitations. The letter again requested dates: "Please provide dates for the depo as soon as possible or we will have to unilaterally notice the deposition due to the constraints of time." (*Id.*)

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

**D.    Costco's Failure to Identify a Witness on the Parties' Agreed-Upon Categories.**

On **May 11, 2026**, Ms. Fleming emailed: "I have submitted the categories to our client and are waiting to hear back as to the identity of the individual or individuals so as to be able to coordinate dates. I will let you know as soon as possible." (Stefanic Decl. ¶ 12, Ex. J.) **That was the last substantive communication from Costco regarding the identity of the witness or dates of availability.**

With three weeks of silence and the discovery cutoff approaching, on **June 2, 2026**, Plaintiff served an Amended Notice of Video Deposition setting the deposition for June 30, 2026 and **incorporating the appropriately limited categories exactly as set forth in the May 1, 2026 letter — the very categories Costco itself had agreed to during the April 17, 2026 meet and confer.** (Stefanic Decl. ¶ 13, Ex. K.)

Costco did not respond to the Amended Notice until the morning of **June 25, 2026**, five (5) days before the scheduled deposition, when Ms. Fleming emailed: "No, it is not [going forward]. I am working on narrowing down the people and should have dates soon." (Stefanic Decl. ¶ 14, Ex. L.) **That was 55 days after the parties' agreed-upon categories had been reduced to writing.**

**E.    Plaintiff's June 25, 2026 Meet and Confer Letter and Request for Informal Discovery Conference.**

That same day, June 25, 2026, the undersigned sent counsel for Costco a written meet and confer letter that (i) recounted the nine-month history of Plaintiff's outreach and Costco's delay; (ii) requested an Informal Discovery Conference with Magistrate Judge Cota on either Wednesday, July 1, 2026 or Wednesday, July 8, 2026 (both of which the Court has confirmed are available); (iii) demanded Costco's confirmation of an IDC date by the close of business on Friday, June 26, 2026; and (iv) advised that Plaintiff would file the present Motion to Compel on June 26, 2026 regardless of the status of the IDC, given the proximity of the July 13, 2026 fact discovery cutoff. (Stefanic Decl. ¶ 15, Ex. N.) **The letter also confirmed that the IDC, if scheduled, may proceed in parallel with the noticed hearing on this Motion,**

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

**and that Plaintiff would withdraw the Motion if the parties reach a resolution at or before the IDC.** (*Id.*)

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 30(b)(6) authorizes the deposition of a corporation, requires the noticing party to "describe with reasonable particularity the matters for examination," and provides that "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).

The duties imposed on the responding corporation under Rule 30(b)(6) are affirmative and substantial. The Fifth Circuit has explained that "if [the designated] agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) (affirming Rule 37 sanctions against the corporation). The corporation must also *prepare* the designee to testify on matters "reasonably known by the responding party," not merely matters within the designee's personal knowledge. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *see also United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (the designee must be "thoroughly educated" on the noticed topics).

If a corporation "fails . . . to make a designation under Rule 30(b)(6)," or otherwise fails to attend its own deposition, Rule 37(d)(1)(A)(i) authorizes sanctions, including a mandatory award of reasonable expenses unless the failure was substantially justified. Fed. R. Civ. P. 37(d)(3). Independently, where, as here, a party moves to compel a deposition under Rule 37(a)(3)(B)(i), the Court "must" require the disobedient party and/or its counsel to pay the movant's reasonable expenses, including attorney's fees, unless the failure was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P.

37(a)(5)(A); *see also Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766 (9th Cir. 1995) (affirming sanctions where corporation failed to designate proper Rule 30(b)(6) representative).

## IV.   ARGUMENT

### A.   Costco Has An Affirmative Duty Under Rule 30(b)(6) To Designate and Produce a Prepared Witness on the Parties' Agreed-Upon Categories.

Costco was first put on notice of the topics for its PMQ deposition on September 19, 2025, more than nine (9) months ago. (Stefanic Decl. ¶ 3, Ex. A.) From the moment those topics were served, Costco had the burden of identifying "an available, knowledgeable, and readily identifiable witness" to testify on its behalf. *Resolution Tr. Corp.*, 985 F.2d at 197. The corporation's duty to prepare such a witness extends to all matters "reasonably known" to it, not merely matters within the personal knowledge of any one individual. *Great Am. Ins. Co.*, 251 F.R.D. at 539; *Taylor*, 166 F.R.D. at 361.

Any conceivable defense to Costco's nine-month delay was forfeited on April 17, 2026 when the parties met and conferred by telephone and reached agreement on the precise scope of the deposition. (Stefanic Decl. ¶ 10, Ex. H.) Plaintiff thereafter reduced the agreed-upon scope to writing in the May 1, 2026 letter (Stefanic Decl. ¶ 11, Ex. I) and the June 2, 2026 Amended Notice (Stefanic Decl. ¶ 13, Ex. K). Costco has not objected to the substance of those categories. Its only complaint, made repeatedly over the past 55 days, is that it cannot locate a witness. That is precisely the duty Rule 30(b)(6) imposes on Costco, not on Plaintiff. *See Resolution Tr. Corp.*, 985 F.2d at 197 (Rule 30(b)(6) "places the burden of identifying responsive witnesses for a corporation on the corporation.").

Costco's December 11, 2025 "Objection" (Ex. F) is no defense. Plaintiff had served the topics on September 19, 2025; followed up on October 22, 2025; and sent a further meet and confer letter on November 20, 2025 expressly seeking dates. (Exs. A, B, D.) The Rule 30(b)(6) conferral obligation is mutual and cannot be invoked by a party that ignores the noticing party's outreach for months on end.

///

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

**B.      Plaintiff Has Discharged Every Meet and Confer Obligation.**

Section 4(A) of Judge Nunley's Civil Standing Order requires that "counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution." Federal Rule of Civil Procedure 37(a)(1) imposes a substantively identical requirement. Plaintiff has met those obligations many times over:

- Six (6) separate written meet and confer communications spanning September 19, 2025 to June 25, 2026, including the operative June 25, 2026 letter that requested an Informal Discovery Conference and gave Costco final notice that this Motion would be filed (Exs. A, B, D, G, I, N);

- A substantive telephonic meet and confer on April 17, 2026 that resulted in agreement on the scope of the deposition categories (Ex. H);

- Material concessions by Plaintiff, including reducing the categories from sixteen (16) to fourteen (14) and imposing appropriate geographic and temporal limitations at Costco's request (Ex. I); and

- A written request for an Informal Discovery Conference with Magistrate Judge Cota on either July 1 or July 8, 2026 — dates Plaintiff confirmed with the Court as available — with an express commitment to withdraw this Motion if a resolution is reached at or before the IDC (Ex. N).

Nothing more is required. Costco's refusal to identify a single witness on its own agreed-upon categories, 55 days after they were reduced to writing, is the functional equivalent of a refusal to designate at all. *See Resolution Tr. Corp.*, 985 F.2d at 197.

**C.      The Court Should Order Costco to Produce Its PMQ Within Ten (10) Days.**

Rule 37(a)(3)(B)(i) authorizes the Court to compel a deposition where "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). The failure to designate at all is plainly within the rule's reach. *See Commodity Futures Trading Comm'n*, 67 F.3d 766 (affirming sanctions following failure to designate a Rule 30(b)(6) representative). Given the proximity of the July 13, 2026 fact discovery cutoff and Costco's nine-month pattern of delay, an order requiring production of the PMQ within ten (10) days

PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF PMQ

of the Court's order is the minimum relief necessary to protect Plaintiff's ability to prepare her case for trial.

### D.   Monetary Sanctions Are Mandatory Under Rule 37(a)(5)(A).

Rule 37(a)(5)(A) provides that if a motion to compel is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court "must not" issue such an order only where the moving party did not attempt in good faith to obtain the discovery before moving, the opposing party's position was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). None of those conditions exists here.

Plaintiff's good-faith efforts to obtain the deposition without judicial intervention are documented across six written communications, a substantive telephonic conference resulting in a binding agreement on scope, and a written request for an Informal Discovery Conference, all set forth above and in the accompanying declaration. Costco's position cannot be substantially justified where its only complaint is that it has been unable, in nine months and on its own agreed-upon categories, to identify a witness. As set forth in the accompanying declaration, the undersigned has expended 10.8 hours preparing this Motion and supporting papers at counsel's standard rate of $450 per hour, for a total of $4,860.00. (Stefanic Decl. ¶¶ 17-18.) Plaintiff reserves the right to supplement on reply for additional fees incurred.

### E.   The Court Should Permit Counsel to Appear Remotely at the Hearing.

As set forth in the Notice of Motion, Plaintiff respectfully requests permission for all counsel to appear remotely at the August 5, 2026 hearing via Zoom or other video conference platform designated by the Court. Plaintiff's counsel is located in Los Angeles, California, more than five hundred (500) miles from the Redding Federal Courthouse, and the issues presented can be effectively addressed by remote appearance. (Stefanic Decl. ¶ 19.) Remote appearance will conserve party and judicial resources and is consistent with this Court's ordinary practice for discovery motion hearings. Plaintiff will file any separately required

Request to Appear Remotely with proposed order in accordance with the Magistrate Judge's procedures and Local Rule 137(b).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) order Costco to designate and produce its Person Most Qualified for deposition on the categories set forth in Plaintiff's June 2, 2026 Amended Notice of Video Deposition within ten (10) days of the Court's order; (2) impose monetary sanctions against Costco and its counsel of record, jointly and severally, in the sum of $4,860.00; and (3) permit all counsel to appear remotely at the hearing on this Motion.

Dated: June 26, 2026                                    Respectfully submitted,
                                                        ADAMSON AHDOOT LLP


                                            By:    /s/ Daniel M. Stefanic
                                                   Daniel M. Stefanic, Esq.
                                                   Attorneys for Plaintiff
                                                   PATRICIA CECILE MCCAY

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1122 S. La Cienega Blvd., Los Angeles, California 90035.

On June 26, 2026, I served the foregoing document, described as **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL THE DEPOSITION OF DEFENDANT COSTCO WHOLESALE CORPORATION'S PERSON MOST QUALIFIED; REQUEST FOR REMOTE APPEARANCE AT HEARING; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR MONETARY SANCTIONS** on all interested parties in this action by electronic service as follows:

*SEE ATTACHED SERVICE LIST*

☒ (BY ELECTRONIC MAIL) I caused the documents to be sent to the persons at the e-mail address(es) listed on the above service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ VIA ELECTRONIC MAIL (CM/ECF) - All parties listed above have been served via electronic mail through the court's CM/ECF system, which automatically generates a Notice of Electronic Filing (NEF) allowing registered e-filers to retrieve the document.

☐ (BY MAIL) As follows: I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail in Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 26, 2026, at Los Angeles, California.

/s/ Frederick Arnhoelter
Frederick Arnhoelter

PROOF OF SERVICE

**SERVICE LIST**

| | |
|---|---|
| Monika D. Troike, Esq.<br>Jones & Dyer, APC<br>3031 F Street, Suite 101<br>Sacramento, CA 95816<br>Telephone: 916-552-5959<br>mtroike@jonesdyer.com<br>support@jonesdyer.com<br>*Attorneys for Defendant and Third-Party Plaintiff COSTCO WHOLESALE CORPORATION* | Kevin J. Gillispie, Esq.<br>Trevor S. Daugherty, Esq.<br>QUINTAIROS, PRIETO, WOOD & BOYER, P.A.<br>1001 Galaxy Way, Suite 312<br>Concord, CA 94520<br>Telephone: 925-466-4230<br>Facsimile: 925-466-4231<br>kevin.gillispie@qpwblaw.com<br>Trevor.daugherty@qpwblaw.com<br>stephanie.ochoa@qpwblaw.com<br>*Attorneys for Third-Party Defendant GARCIA STRIPING, INC.* |
| Raymond A. Greene, III, Esq.<br>William K. Bliss, Esq.<br>BURNHAM BROWN<br>2125 Oak Grove Road, Suite 105<br>Walnut Creek, CA 94598-2537<br>Phone: 510-444-6800<br>Fax: 510-835-6666<br>rgreene@burnhambrown.com<br>wbliss@burnhambrown.com<br>tdarnell@BurnhamBrown.com<br>*Attorneys for Third-Party Defendant and Third-Party Cross-Defendant RUBBERFORM RECYCLED PRODUCTS, LLC* | John P. Hallissy, Esq.<br>Dillon A. Fleming, Esq.<br>Sacino, Bertolino & Hallissy, APC<br>608 University Avenue<br>Sacramento, CA 95825<br>Phone: (916) 649-2214<br>jhallissy@sbhlawoffice.com<br>dillon@sbhlawoffice.com<br>brenda@sbhlawoffice.com<br>*Attorneys for Defendant and Third-Party Plaintiff COSTCO WHOLESALE CORPORATION* |